FILED

2021 FEB -4 PM 12:58

Attachment 1 – Civil Complaint

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
__AUSTIN__ DIVISION

__Flavio Milam, individually and on behalf of all others similarly situated__
(Enter your full name)
        Plaintiff(s)

CASE NUMBER: **1:21CV0119 LY**
(Supplied by Clerk's Office)

__MRS BPO, LLC__
(Enter full name of each Defendant)
        Defendant(s)

# COMPLAINT

First Paragraph (Name and Address of Plaintiff)

Second Paragraph (Name and Address(es) of Defendant(s))

Third Paragraph (Jurisdiction Plea)

Fourth Paragraph (Allegation 1)

Fifth Paragraph (Allegation 2) ...

The final paragraph should contain a statement of the relief you are seeking. This paragraph should not be numbered.



Signature
Name (Typed or Printed)
Address
Telephone Number

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff FLAVIO MILAM, individually and on behalf of all others similarly situated, and for his complaint against Defendant, MRS BPO, LLC, under the Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227 states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call and text message, in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

2. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c)

because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

Further, Defendant's tortious conduct against Plaintiff occurred within the State of Texas and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Texas.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendant's collection activities violated the FDCPA and the TCPA

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct

## PARTIES

6. Plaintiff Flavio Milam ("Plaintiff") is an individual citizen of the State of Texas, who resides in Austin, Texas.

7. Defendant MRS BPO, LLC is a debt collection agency with its principal offices located at 1930 Olney Ave, Cherry Hill, NJ 08003

8. MRS BPO, LLC is engaged in the business of a collection agency, using the telephone to collect consumer debts originally owed to others.

9. MRS BPO, LLC is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. MRS BPO, LLC is a debt collector as defined in 15 U.S.C. § 1692a.

## THE TCPA

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

12. In an action under the TCPA, a plaintiff must only show that

the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14. To obtain express written consent for collection calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent....and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules &*

*Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

### Allegations

15. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

16. On or about December 15, 2020 at 9:48 AM Defendant sent the Plaintiffs collection calls from phone number 833-388-0571 seeking to collect a balance allegedly incurred for personal purposes from an MRS employee ID: ZB, about account number 287436404

17. The said collection calls were confusing to the Plaintiffs and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

18. After MRS BPO, LLC first call to Flavio's wireless phone, MRS BPO, LLC had actual or constructive knowledge that the wireless telephone number was assigned to Flavio and not another person. "TCPA Omnibus Declaratory Ruling and Order," FCC 15-72 at 40:3 Case 2:16-cv-01480-NJ Filed 11/03/16 Page 3 of 12 Document 1 We clarify, however, that callers who make calls without knowledge of

reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such.

19. On or about December 6, 2020, at approximately 3:55 p.m., MRS BPO, LLC began sending Plaintiff text messages to his cellular telephone ending in "9275", from (856) 245-2532 and other automated phone numbers. As seen in EXHIBIT A

20. The text messages sent to Plaintiff was impersonal.

21. Upon information and belief, the text messages were based on a template.

22. Upon information and belief, the automated text messaging system used by MRS to send the text messages has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Upon information and belief, the automated text messaging system used by MRS to send the text messages also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

24. Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge, as prohibited by 47 U.S.C. § 227(b)(1).

26. Defendant did not have prior express consent to send the text messages to Plaintiff's cell phone, especially after Plaintiff had clearly and expressly requested on multiple occasions that MRS cease sending text messages.

27. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

28. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant annoyed Plaintiff with text message using an ATDS without his prior express consent to receive such text messages, and even after telling Defendant to stop sending text messages repeatedly. This invaded Plaintiff's right to privacy.

29. Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones because they were occupied text messages, causing annoyance and lost time.

30. Plaintiff is informed and believes and here upon alleges, that the text messages were sent by MRS BPO, LLC and/or MRS agent(s), with MRS BPO, LLC permission, knowledge and/or control.

31. The text messages from MRS BPO,LLC , or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes.

b) An award of actual and statutory damages; As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

f) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment; and

g) Such further and other relief as the Court deems necessary.

Dated: February 3, 2021              Respectfully submitted,

s/Flavio Milam
PLAINTIFF
Admitted in the Western District of Texas
flavio.00592@gmail.com
(512) 354-9275 (Phone)

X _____

3000 Kramer LN Apt 1340
Austin TX, 78758