UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FLAVIO MILAM,

    Plaintiff,

v().

                                    CASE NO.:  1:21-cv-00119-LY

MRS BPO, LLC,

    Defendant.

## ANSWER OF DEFENDANT MRS BPO, LLC

Defendant MRS BPO, LLC ("Defendant" or "MRS") as and for its Answer and affirmative defenses to the Complaint of Plaintiff Flavio Milam ("Plaintiff") in the above-entitled matter, states and alleges as follows:

### JURISDICTION

1.    In response to paragraph 1 of the Complaint, MRS admits that Plaintiff asserts that jurisdiction arises under the referenced statute, but MRS denies that it violated any law that would subject it to such jurisdiction.  MRS further denies that Plaintiff has standing.

2.    MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 2 of the Complaint, except MRS admits that it has attempted to collect debts from individuals located in Texas. MRS denies that it has violated any laws.

### STANDING

3.    In response to paragraph 3 of the Complaint, MRS admits that Plaintiff makes the allegation, but denies that it has violated any laws.

4.    MRS denies the allegations set forth in paragraph 4 of the Complaint.

5.    MRS denies the allegations set forth in paragraph 5 of the Complaint.

## PARTIES

6. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, MRS admits that it is a debt collection agency and has an office located at the stated address.

8. In response to paragraph 8 of the Complaint, MRS admits that it uses telephone in the business of collecting debts owed to others.

9. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 of the Complaint.

## THE TCPA

10. In response to paragraph 10 of the Complaint, MRS admits that Plaintiff purports to summarize the TCPA, while denying it violated any law.

11. In response to paragraph 11 of the Complaint, MRS admits that Plaintiff purports to summarize the TCPA, while denying it violated any law.

12. In response to paragraph 12 of the Complaint, MRS admits that Plaintiff purports to summarize the referenced case law, while denying it violated any law.

13. In response to paragraph 13 of the Complaint, MRS admits that Plaintiff purports to summarize the referenced statute, while denying it violated any law.

14. In response to paragraph 14 of the Complaint, MRS admits that Plaintiff purports to summarize the referenced statute, while denying it violated any law.

## ALLEGATIONS

15. In response to paragraph 15 of the Complaint, MRS admits that it began to collect a debt from Plaintiff. MRS lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, MRS admits that it called Plaintiff on December 15, 2020 in an attempt to collect a debt. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 16 of the Complaint.

17. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 17 of the Complaint.

18. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, MRS admits that it sent text messages to Plaintiff and denies the remaining allegations.

20. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 20 of the Complaint.

21. MRS admits the allegations set forth in paragraph 21 of the Complaint.

22. MRS denies the allegations set forth in paragraph 22 of the Complaint.

23. MRS denies the allegations set forth in paragraph 23 of the Complaint.

24. MRS admits the allegations set forth in paragraph 24 of the Complaint.

25. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 25 of the Complaint.

26. MRS denies the allegations set forth in paragraph 26 of the Complaint.

27. MRS denies the allegations set forth in paragraph 27 of the Complaint.

28. MRS denies the allegations set forth in paragraph 28 of the Complaint.

29. MRS denies the allegations set forth in paragraph 29 of the Complaint.

30. MRS admits the allegations set forth in paragraph 30 of the Complaint.

31. MRS denies the allegations set forth in paragraph 31 of the Complaint.

PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, MRS states that Plaintiff is not entitled to the requested relief as there has been no violation of law.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses, MRS states and alleges as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Any violation of law, which MRS denies, was the result of a bona fide error, notwithstanding the maintenance of procedures in place to avoid such errors. Specifically, any violation of the law, which MRS denies, was unintentional and MRS has policies and procedures reasonably adapted to prevent violations of the law, including those designed to prevent communications following the receipt of written disputes from a consumer, prior to verifying the debt or providing the name and address of the original creditor. These policies are reasonably adapted to avoiding the violations of law Plaintiff purports to allege in the Complaint.

**THIRD DEFENSE**

Plaintiff's claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because he has not sustained any cognizable injury or damages.

**FOURTH DEFENSE**

Any violation of the law, which MRS denies, was not material.

**FIFTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which MRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability MRS.

### SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

### SEVENTH DEFENSE

To the extent statutory damages under the TCPA call for damages that substantially exceed the actual damages sustained by Plaintiff, such damages constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### EIGHTH DEFENSE

Plaintiff's TCPA claim will be barred, in whole or in part, as a result of an inability to demonstrate that the alleged calls or were placed using an automatic telephone dialing system and/or without prior express consent.

WHEREFORE, MRS prays for an order and judgment of the Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against MRS with prejudice and on the merits;

2. Awarding MRS such other and further relief as the Court deems just and equitable.

Dated: March 2, 2021

/s/Michael S. Poncin
Michael S. Poncin (MN #296417)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5290
Fax: (612) 877-5056
Mike.Poncin@lawmoss.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the CM/ECF system.

I further certify that on March 2, 2021, a true and correct copy of the foregoing document was served upon the following parties via U.S. mail:

Flavio Milam
3000 Kramer Ln, Apt 1340
Austin, TX 78758
*Pro Se Plaintiff*

                                            s/Michael S. Poncin
                                            Michael S. Poncin